POPE v. WILDER.

1. TAX TITLE—PURCHASE BY DEFAULTER.—A person cannot acquire land from the rightful owner by listing it for taxation in his own name, making default in payment of the taxes, purchasing at tax sale, and taking deed from the sheriff therefor.

Before NORTON, J., Beaufort, February, 1894.

Action by J. D. Pope and others, the heirs of Joseph J. Pope, to recover a tract of land, commenced in November, 1891. F. E. Wilder, the defendant, claimed under a deed made to him by the sheriff of Beaufort County as the purchaser at a tax sale of the land in 1891, the land then standing on the tax duplicate in the name of defendant. The judge charged the jury as complained of in defendant's exception. Verdict and judgment for plaintiffs.

*Mr. W. J. Verdier*, for appellant.

*Mr. W. S. Monteith*, contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. An issue of title to a tract of land in Beaufort County, in this State, known as the "Middleton swamp" place, was tried in the Circuit Court for Beaufort, a verdict having been rendered by the jury in favor of the plaintiffs, and after entry of judgment thereon, the defendant appealed to this court upon the single ground: "Because his honor, the Circuit Judge, erred in holding and so charging the jury, that if they believed the defendant was the person who made the return, and had the assessment against himself, and is the person who now holds the property under this tax sale, he did an act of no force; that one cannot have property listed properly himself, whether it belongs to him or not, default in paying the taxes, and have the property sold by the sheriff, and thereby acquire a good title to the property."

It would require a great deal to convince us that this charge of the Circuit Judge was erroneous. While it is true that in the administration of justice to each tax-payer by requiring every other tax-payer to pay his just proportion of the public burdens upon persons and property known as taxes, it has been discovered that laws somewhat harsh have been applied, yet never has the doctrine been carried to the extent that a person may list property for assessment and taxation in which

he has no interest, make default in the payment in the taxes so assessed, have the sheriff to advertise and sell the property as his own, bid off the property at such sale, and, upon the payment by him of the taxes and the costs accruing through his own neglect, have the sheriff execute to him a deed therefor, which deed so obtained, he can interpose as his protection, when the rightful owner seeks his property in the courts of the country. Such a doctrine cannot be maintained in this court. Its bare statement is its refutation. And, as we understand the charge of the Circuit Judge, he merely put his seal of condemnation upon such a practice. This was not error.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.