McCREERY LAND AND INVESTMENT CO. v. MYERS.

1. DISCRETION—ISSUES.—It is discretionary with trial Judge whether legal or equitable issues should be first tried.
2. REAL PROPERTY—ISSUES—FRAUD.—Where issue of title is submitted to jury, it involves all issues which could properly be raised in legal actions for possession of land, and in such action deed of plaintiff may be assailed for fraud by way of defense.
3. IBID.—EQUITY.—BOUNDARIES.—Mere confusion of boundaries of land is not sufficient to give a court of equity jurisdiction, as the legal remedies are ordinarily adequate to settle disputed boundaries.

Before J. H. HUDSON, special Judge, Richland, March, 1903. Affirmed.

Action by McCreery Land and Investment Co. against Jeremiah Myers *et al.* From order refusing reference and transferring case to calendar 1 for trial of legal issues, plaintiff appeals.

*Messrs. Melton & Belser,* for appellants, cite: *As to trial of legal and equitable issues:* 11 Ency. P. & P., 620; 18 S. C., 232; 22 S. C., 320; 16 S. C., 333; 21 S. C., 402; 33 S. C., 389; 44 S. C., 116; 54 S. C., 155; 24 S. C., 320; 52 S. C., 462; Code, 279; Pom. Code Rem., sec. 86; 7 Ency. P. & P., 810. *Equity has jurisdiction to settle confusion of boundaries:* 4 Ency., 2 ed., 839, 840, 841; Pom. Eq. Jur., sec. 184, 1384, 1385; Story's Eq. Jur., secs. 619, 621; 18 S. C., 232; 3 Pom. Eq. Jur., sec 1378; 5 Cyc., 952. *Reformation of deed is in equity:* Story Eq. Jur., secs. 159, 1640; 1 Pom. Eq. Jur., secs. 171, 172, 188, 870, 872; 3 Ibid., sec. 1376; 33

S. C., 395; 52 S. C., 461; 24 Ency., 2 ed., 647; 43 S. C., 546; 66 S. C., 77. *Purchaser for value without notice is equitable defense:* 2 Pom. Eq. Jur., sec. 738; 16 S. C., 587; 34 S. C., 537. *Both legal and equitable issues being raised, that issue should be first tried on which the others are dependent:* 52 S. C., 463, 236; 61 S. C., 5; 7 Ency. P. & P., 810.

*Messrs. Thomas & Gibbes* and *W. D. Mayfield*, contra, cite: *Pleadings raised issue of title in defendants, which they had right to trial of by jury:* Code of Proc., 274; art. I., sec. 25, Con. 1895; art. I., sec. 11, Con. 1868; 2 Strob., 563; 17 S. C., 542, 544; 4 Ency., 2 ed., 838; 3 Pom. Eq. Jur., sec. 1379, note 2; 1 Story Eq. Jur., 12 ed., secs. 610, 615, 616, 619; 2 Mer., 417; 4 Ency., 2 ed., 839; 18 L. R. A., 363; 64 Pa. St., 279; 35 Conn., 120; 19 S. C., 290; 23 S. C., 388; 25 S. C., 72; 52 S. C., 236; 36 S. C., 561; 39 S. C., 393; 67 S. C., 296; 63 S. C., 45. *Disputed boundaries may be settled on law side of Court:* Code, 1902, 2452; C. C. Rule 36; 42 S. C., 95. *Which issue is tried first is within discretion of trial Judge:* 52 S. C., 463; 28 S. C., 533; 38 S. C., 424; 60 S. C., 559; 61 S. C., 4.

November 29, 1904. The opinion of the Court was delivered by

Mr. Justice Jones. The appeal in this case is from an order of the Circuit Court, Hon. J. H. Hudson, presiding as special Judge, transferring the cause to calendar 1 for trial of issue of title by jury, the Court holding that the complaint raised the question of title and that the whole case is a proper one for the jury. The exceptions are as follows:

"1. Because his Honor held that the whole case was a proper one to be passed upon and decided by a jury, and so holding, overruled plaintiff's motion to refer, and ordered the cause transferred to calendar No. 1, for trial of the whole cause by jury; whereas, it appearing that the pleadings raised certain equitable issues, namely: (1) the issue as to

fraud, misrepresentation or mistake in the execution of said deed from the defendant, Jeremiah Myers, to the plaintiff, and the right of the defendants to have said deed and the plat referred to herein reformed; (2) the issue as to the right of the defendants, or any of them, to claim as purchasers for value without notice as against the plaintiffs; and (3) the issue as to confusion of the boundaries between the lands of the plaintiff and defendants, and the correct location of the boundary line called for in plaintiff's said deed and plat; said issues, or one or more of them, should have been passed upon and decided by the court in the exercise of its chancery powers, and it was error to order the same tried by a jury on the law side of the court.

"2. Because his Honor ordered the case transferred from calendar No. 1 to calendar No. 2, for trial by jury; whereas, it appearing that the pleadings raised certain equitable issues, or one or more thereof, which the nature of the case and relation of the issues required should be determined prior to the determination of the legal issues as to possession of real estate, the cause should, therefore, have been retained on calendar No. 2, for the prior determination of said equitable issues, and his Honor erred and abused his discretion in ordering the cause transferred to calendar No. 1 at this stage of the proceeding." We think the exceptions must be overruled, for these reasons:

1. In *Knox* v. *Campbell*, 52 S. C., 461, 463, 30 S. E., 485, this Court held that since the adoption of the Code, it is left to the discretion of the Judge whether the legal or equitable issues should be first tried, quoting with approval from Pomeroy on Code Remedies, sec. 86: "The equitable issues may be first tried and the legal issues afterwards, or the order may be reversed, as the nature of the case and the relation of the issues seem to require." So that, even if it be true, as contended for by appellant, that equitable issues were involved, there was no abuse of discretion on the part of the Circuit Court in first submitting the issue of title raised by the pleadings to the jury.

We do not understand the order of Judge Hudson as intending to submit any strictly equitable issue to the jury. The issue of title alone is submitted to the jury, which, of course, would involve any issue tendered which could properly be raised and submitted to a jury in a strictly legal action to recover possession of land. For example, in an action to recover land, the deed under which plaintiff claims, may be assailed for fraud by way of defense before the jury. *DeWalt* v. *Kinard,* 19 S. C., 292; *Archer* v. *Long,* 38 S. C., 272, 16 S. E., 998. Questions of fraud or mistake may sometimes be adjudicated in actions at law, as in these matters the jurisdiction of equity is not exclusive but concurrent. *Griffin* v. *Ry. Co.,* 66 S. C., 77, 44 S. E., 562. If after the issue of title has been determined, there remain any independent equitable issues for determination, these must be tried by the appropriate tribunal.

2. The contention of appellant, that the case is one solely of equitable cognizance as a case of confusion of boundaries, cannot be sustained. A mere confusion of boundaries of land is not sufficient to give a court of equity jurisdiction. There must be some equity in addition thereto. If the ordinary legal remedies are adequate, they must be resorted to. 1 Story Eq. Juris., 12 ed., sections 610, 615. The legal remedies provided by our Code for the recovery of possession of land by one out of possession against another in possession claiming title, are ordinarily adequate to settle disputed boundaries. The complaint in this case is substantially an action to recover possession of a strip of land in the possession of the defendants, claiming title, and this issue of title must be tried by a jury, under sec. 274, Code of Procedure, and the numerous cases so holding.

The judgment of the Circuit Court is affirmed.