6862

### HUDSON v. SCHUMPERT.

Tax Deed.—The entry of lands for taxation as "unknown," "D. S., Agent," represents the agent as the owner, and all proceedings based thereon are null and void. Record of a tax deed based on such entry is no notice to landlord that his tenant disclaims the tenancy and holds adversely.

Before GARY, J., Lexington, August, 1905. Reversed.

Action by W. A. Hudson against Joseph Schumpert. Upon motion of plaintiff to direct a verdict the Circuit Judge made the following order:

"These two cases were tried before me and a jury by consent. At the close of the evidence, the attorneys for plaintiff moved the Court to direct a verdict in each case as the facts were not contested, and the case rested upon the law, records and deeds. The deed of the plaintiff from the trustees of the Wadsworthville Poor School conveys the two tracts in possession of the two defendants and his title is traced to a grant from the State. The defendants claim through a tax deed conveying each tract made in 1891, and set up ten years adverse possession under those deeds and

that an action to set aside the tax-deed is barred in two years from its date.

"The plaintiff insists that the tax deeds are void:

(1) "Because the deeds in question (originally devised for support of Poor School by Thomas Wadsworth) are exempt from taxation and any levy of taxes against them and sale of them to pay taxes is void.

(2) "Because the lands are placed on the tax duplicate as 'unknown' under column name of owner, and taxes calculated for five years, and that such lands can not under the tax laws be sold by execution issued by the county treasurer, but such taxes must be collected by Sinking Fund Commission.

(3) "Because the execution issued to the sheriff by the treasurer does not conform to the entry on the tax duplicate, as the entry there is 'unknown,' and on execution 'unknown' 'Joseph Schumpert, Agent,' 'D. P. Schumpert, Agent.'

(4) "Because the lands are entered on tax duplicate as owner 'unknown,' and no entry for taxes can be made except in the name of some one as owner on the county tax books—all other lands being under control of Sinking Fund Commission.

(5) "Because a tenant can not acquire a tax title against his landlord.

(6) "As to the position that no action can be brought to set aside a tax title after two years from its date, the plaintiff insists:

(a) "That this tax title being void and such as these defendants can not set up against their landlord this rule can not apply.

(b) "That the two years begin to run from the date the sheriff puts the purchaser in possession, and that here the sheriff has never put the purchaser in possession.

(c) "The said act is unconstitutional in that (1) if it is made to apply to cases in which the tax title is void, it deprives the citizen of his property without due process of

law; (2) and it provides a limitation of actions against tax deeds alone and thus violates those constitutional provisions as to uniformity of laws.

"My view is that the defendants can not stand on the ten years' possession under the tax deeds because the statute of limitations by special act can not be plead against title of Wadsworthville Poor School lands.

"As to the two years' limitation of action against the tax deeds, I think that applies here, and when the defendants took these tax titles and recorded them it was notice to the trustees of the Wadsworthville Poor School that they disclaimed the tenancy under the lease and the trustees should have brought their action within the two years from the date of the deeds.

"I do not think the positon of plaintiff that the two year limitation only runs from time sheriff puts purchaser of tax title in actual possession for the reason that these defendants were in possession before sale and simply remained.

"I think I am prevented by this limitation from passing on the validity of the tax titles at all, but if I could pass on them, I would hold them void because the lands are exempt from taxation. Upon the constitutionality of the act, I have brave doubts, but I will sustain the act.

"Therefore, I direct a verdict for the defendant in both cases."

The plaintiff appealed on the following exceptions:

1. "Error in not holding that the Wadsworthville Poor School lands were exempt from taxation.

2. "Error in not holding that a tenant can not permit lands of his landlord, in his possession as tenant, to be sold for taxes and become a purchaser at such sale, and by taking a tax deed and simply continuing in possession, acquire a title paramount to that of his landlord.

3. "Error in not holding that the two years' limitation in which actions may be brought for possession of lands held under tax deeds is a statute of limitations and as such does

not apply in this action because statutes of limitations, by special statute, are prohibited from being pleaded against title to Wadsworthville Poor School lands.

4. "Error in not holding the tax deed void because (a) the lands were placed on the tax duplicate as 'unknown,' (b) the execution does not conform to said entry as the entry on execution is 'unknown,' 'Joseph Schumpert, Agent,' 'D. P. Schumpert, Agent.'

(c) "Lands not entered in the name of an owner can only be sold by the Sinking Fund Commission. (d) Lands on which five years' taxes are due can only be sold by the Sinking Fund Commission.

5. "Error in not holding that the two years' limitation under the tax act began to run when purchaser was put in possession by the sheriff, and that these defendants were never put in possession by the sheriff.

6. "Error in not holding that the two years' limitation under the tax act is unconstitutional because (a) If it is made to apply to cases in which the property is not subject to taxation, it deprives the citizen of his property without due process of law; (b) It provides a limitation against actions for possession of land under tax title alone and thus violates the constitutional provisions as to uniformity of laws.

7. "Error in not holding that the two year limitation statute does not apply to void tax deeds; and that the tax deed here in question was void."

*Messrs. Efird & Dreher,* for appellant, cite: *Lands exempt from taxation:* 6 Stat., 8; Gen. Stat. 1882, 167, Sub. 3, 4, 170: 27 Ency., 818; 41 S. C., 540. *Tenant in possession under lease cannot acquire tax title adverse to the landlord without surrendering possession:* 41 S. C., 540; 40 S. C., 114, 168; 7 Rich., 181; 24 Cyc., 954; 18 Ency., 424; 89 Am. St. R., note 78, 84, 87; 25 Ency., 711; 27 Ency., 954; I Mo. McC., 373; 115 U. S., 392; 50 S. C., 459. *Taxes due on land for five years must be collected by sinking*

*fund commission:* Gen. Stat. 1882, 314; 20 Stat., 345; 19 Stat., 864. *Two years' limitation only begins to run from time sheriff actually puts purchaser in possession:* 62 S. C., 502; 44 S. C., 470. *Statute of limitations do not apply to action for Wadsworth Poor School lands:* 70 S. C., 309; 5 Stat., 496; 4 Rich., 50; 11 Rich., 424; 40 S. C., 167. *Tax acts do not apply to non-taxable lands:* 54 Wis., 114; 63 Miss., 50.

*Mr. J. B. Wingard,* contra, cites: *These lands are taxable and tax laws apply to them:* Sec. 5, Art. 9, Con. 1868; Act 1882, 266; Rev. Stat., 1893, 354, 374; Code 1902, 343, 426. *If plaintiff or his grantor was injured by illegal tax proceeding he had his remedy:* Code 1902, 427; 40 S. C., 185. *The tax act is constitutional: Stehmeyer* v. *City Council,* 53 S. C. *Title is presumed from great lapse of time:* 2 Mill Con. R., 425; 2 Strob., 141; 2 Rich., 22; 4 Rich., 50; 11 Rich., 429; 40 S. C., 168.

April 11, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The complaint of the above named plaintiff is as follows:

"That he is the owner of and seized in fee of the following described real estate situate in the County of Lexington and State of South Carolina: 'All that tract known as Division No. 3, as follows, viz.: containing three hundred and twenty-five (325) acres, more or less, and has such marks, bounds, etc., as follows: Beginning at a stake on the road, thence S. 53 W. 60. 82 to a large pine 3x6. Thence S. 34 E. 41. 30 to a burnt pine stump. Thence N. 69 E. 78.35 to a stake on the branch. Thence down the branch to a poplar near the Mill. Thence S. 79 W. 350 to a stake. Thence S. 8 E. 1.60 to a stake 3x6. Thence S. 66 W. 15.77 to a stake. Thence N. 80 W. 4.75 to a black jack. Thence N. 29 W. 38.10 to the beginning. Bounded by lands of L.

Bickley, Joseph Schumpert, and Busby and George W. Reeder's land;' and that the defendant is in the wrongful and unlawful possession of the said real estate, and wrongfully and unlawfully withholds the possession of the same from the plaintiff.

"Wherefore the plaintiff demands that the defendant may be adjudged to surrender the possession of the said real estate to the plaintiff and to pay to the plaintiff damages for the unlawful withholding of the same, to the sum of two hundred dollars."

The defendant Joseph Schumpert answering the complaint herein says:

"For a first defense: That he denies each and every allegation in said complaint contained.

"For a second defense: This defendant denies that he is in the wrongful and unlawful possession of the real estate mentioned and described in the complaint, and wrongfully and unlawfully withholds the possession of the same from the plaintiff, but, on the contrary, the defendant alleges that he is the owner and in the lawful possession of said lands under a good and sufficient title for the same.

"For a third defense: The defendant alleges that neither the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises, or any part thereof, described in the complaint within ten years before the commencement of this action; but that defendant has held and possessed the premises adversely to the pretended title of the plaintiff for more than ten years before the commencement of this action, under a claim of title in fee, exclusive of any other right.

"For a fourth defense: The defendant alleges that the plaintiff is barred from maintaining this action for the recovery of the land and premises mentioned and described in the complaint, or for the recovery of the possession thereof, because said action was not brought within two

years from the date of the sheriff's deed for the land under which the defendant claims the fee to said lands.

"Wherefore, the defendant asks that the complaint be dismissed, and that he have judgment for his costs and disbursements against the plaintiff."

The case was tried before his Honor, Judge Ernest Gary, in August, 1905, and he directed a verdict for the defendant.

From the judgment of Judge Gary, the plaintiff has appealed upon seven exceptions, which we will now consider.

All points raised by the plaintiff embrace practically one question, as to the two years' limitation of action against tax deeds, and when the defendant took these tax titles and recorded them it was notice to the trustees of the Wadsworthville Poor School that they disclaimed the tenancy under the lease and trustees should have brought their action within two years from the date of the deeds.

Now, if the tax titles were null and void, placing them upon record would not draw to them any vitality, so the question comes back to this proposition: Were the tax titles interposed by the defendant of any vitality? With some doubts on one point, the Circuit Judge held that they were, but we are not inclined to view the tax titles in question as valid deeds. In *Pope* v. *Wilder,* 41 S. C., 540, 19 S. E., 996, this Court has pointed out that where a man causes a return to be made in his name, if it is unlawful it will have no effect upon the title of the true owner. In the case at bar the return was made in the name of "unknown," but the defendant was there represented as the agent of the owner, such being the case it was tantamount to presenting the agent as the owner; having done so the same consequences which were visited upon *Wilder* ads. *Pope,* will be attached to the defendant here.

Having concluded that there was no virtue in the tax proceedings we are obliged to hold that the Circuit Judge was in error here.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MESSRS. JUSTICES GARY AND JONES *concur in the result.*