7267

### CHRIST CHURCH v. FISHBURNE.

RECEIVER—PARTITION.—In a suit for partition, among those claiming after the falling in of a life estate, the life tenant having possession, one party defendant claiming the entire fee and attempting to collect the rents, who is insolvent and does not apply the rents to the taxes and insurance, the tenants also being insolvent, it is proper for the Court to appoint a receiver to take charge of the property pending the suit.

Before MEMMINGER, J., Charleston, January, 1908. Affirmed.

Action by Christ Church, Charleston, E. Valeria Wylie *et. al.* against Sophia H. M. Fishburne, R. G. O'Neale *et al.* From Circuit order appointing a receiver, defendant, Sophia H. M. Fishburne, appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *Facts here do not warrant appointment of receiver:* Code of Proc., 265; 19 S. C., 293; 27 S. C., 408; 23 Ency., 1052; 4 Ill. App., 270; 2 Kay & J., 111; 34 S. C., 77; 32 S. C., 134.

*Messrs. Jos. W. Barnwell* and *Mitchell & Smith,* for plaintiffs, contra, cite: *It is proper to appoint receiver of rents in partition suit:* 36 S. C., 137; 30 Cyc., 241; 12 Ency., 1173.

July 29, 1909. The opinion of the Court was delivered by

JUDGE ROBERT ALDRICH, *acting Associate Justice in place of* MR. JUSTICE HYDRICK, *disqualified.* This is a proceeding instituted to obtain partition of a lot of land at the corner of Radcliffe and St. Philip's streets, in the city of Charleston.

The plaintiffs allege their title in full, and claim that they are each entitled to an undivided one-fourth of the premises in fee—that is, that the plaintiff, Christ Church, Charleston, is entitled to one undivided fourth in fee; and that the plaintiff, E. Valeria Wylie, is also entitled to one undivided fourth in fee.

The complaint further alleges that the defendant, Sophia Helen Marion Fishburne, is entitled to one undivided moiety in fee.

A prayer for partition is made according to these respective interests, but the complaint further alleges that the defendant, Sophia H. M. Fishburne, through her husband, Julian Fishburne, has given notice to the tenants in possession of the property that she is entitled to all the rents and profits, and that she has actually collected the whole or a large part of all the rents and profits to date; the said Sophia H. M. Fishburne contending that she is entitled to possession of the whole land in fee simple. The complaint also alleges that the tenants in possession of the property have not sufficient property, over and above their homestead exemptions, to enable them to respond to any judgment that might be obtained against them by the plaintiff for any rents improperly paid over by them; and that the defendant, Sophia H. M. Fishburne, is equally unable to meet and pay any judgment which may be obtained

against her for the reception of the rents from the property, and that unless a receiver of the rents of the property be appointed the tenants will abandon and leave the property without sufficient income to discharge the taxes and insurance on the property. The complaint further alleges that the several parties named as defendants hold judgments against the said Sophia H. M. Fishburne for large amounts, which are unpaid and unsatisfied of record.

The answer of the defendant, Sophia H. M. Fishburne, practically admits the chain of title as relied upon by the plaintiffs, but claims that under the chain of title as set out she is entitled to the whole of the property and not simply to one-half, and denies the allegations as to insolvency, but admits she has given notice to the tenants in possession of the property that all the rents and profits should be paid to her. Upon these pleadings notice of motion was given by the plaintiff to all the defendants, including the defendant, Sophia H. M. Fishburne, that a motion would be made upon the pleadings and the accompanying affidavits for the appointment of a receiver of the rents and profits of the property during the litigation, with the usual powers of receivers in such cases. The affidavits accompanying the notice of motion were to the effect that the defendant, Sophia H. M. Fishburne, through her husband, Julian Fishburne, had endeavored to collect the entire rents and issues of the property, and actually succeeded in collecting a whole or a portion, and was continuing her efforts to collect the same from the tenants. That the tenants had been threatened with eviction unless they paid all the rents to Julian Fishburne, the husband of Sophia H. M. Fishburne; and further, to the effect that the defendant, Sophia H. M. Fishburne, was financially unable to respond to any money judgment that might be hereafter recovered against her for the rents improperly collected. No affidavits in contravention of the affidavits on behalf of the plaintiffs were submitted.

On the hearing below the Judge found as follows: "In

this matter I am quite satisfied that the relief sought under the motion is proper, and will grant it. No precise and analogous case is to be found in the books, and while realizing that the power is a delicate one and must be exercised with great care (see *Pelzer & Rodgers* v. *Hughes,* 27 S. C., 488, 3 S. E., 781), I am nevertheless irresistibly moved to my decision by the general consideration, discretion and expediency which after all must govern in such a controversy. It appears that Clotworthy, as the agent of the life tenant, has been collecting the rents, and upon her death both parties rushed in and the tenants became harrassed, the rents tied up, and if this condition is allowed to continue the property will be, if it is not even now, entirely unproductive, and both parties will suffer, whoever may finally prevail, and probably also serious breaches of the peace will be brought about in this wrangle over the collection of the rents. Common sense dictates that pending the litigation the Court should step in and appoint an agent to collect the rents and pay them over in the end according as the rights of the parties may be finally adjudicated. The allegations as to insolvency are not controverted by any proof, and are sufficiently established by the complaint and affidavits and answers of certain of the defendants."

Under these circumstances we see no reason for disturbing the action of the Judge below in appointing a receiver. The authority of the Court to appoint a receiver when a proper case is made in causes for the settlement of estates, or for partition, or for partnership adjustment, where the property is owned by different interests, is well settled and is a most salutary one; where the parties who are the owners of the property can not agree among themselves as to its disposition pending the litigation, it is entirely proper for the Court to step in and put an end to waste or prevent the threatened loss by appointing a suitable person as receiver to hold the property for the benefit of all concerned until its final distribution, as may be directed by the ultimate

decision of the Court.   It is not the case of appointing a receiver of property which has been in the undisturbed possession of one who claims both the legal title and the right to possession.   Such is the case when an action to recover possession of real estate is brought, or when the proceedings, though nominally for partition, in fact, contests the right and title of one who has heretofore been in undisturbed possession.   Such is not the present case.   In the present case the life tenant, Mrs. Ann Josepha Wilson. is admitted by all parties to have been properly in possession up to the time of her death.   At her death, which occurred not long before the institution of these proceedings, she was still in possession of the property, and the question involved in these proceedings is who holds the legal title and is entitled to possession after her death? The parties claiming to be entitled to succeed in that possession can not agree among themselves either as to their rights or as to the disposition of the property.   For the protection of all it is necessary, while the litigation continues, that the taxes and insurance upon the property should be paid, and the proper fund out of which these should be paid is the rents and income from the property.   In view of this division of opinion among the claimants, and of the fact that one claimant is attempting to collect all the rents, and is not applying them to the payment of these necessary disbursements, and such party is, in the opinion of the Judge below, found to be insolvent and unable to respond to a judgment, it seems to us that a case was presented proper for the exercise of the power of the Court to appoint a receiver of the property.

The judgment of this Court is that the exceptions be overruled and the order below affirmed.