## 10898

### THOMPSON v. THOMPSON *ET AL.*

#### (112 S. E. 925)

1. INJUNCTION—TEMPORARY INJUNCTION WILL NOT ISSUE TO TRANSFER POSSESSION OF REALTY FROM DEFENDANT TO PLAINTIFF.—Where plaintiff left defendant in possession of some realty, a temporary injunction will not issue to transfer the possession of this realty from defendant to plaintiff.

2. RECEIVERS—TRIAL COURT'S REFUSAL TO APPOINT RECEIVER NO ABUSE OF DISCRETION.—In an action between husband and wife, where both parties claimed the ownership of realty, the trial judge did not abuse his discretion in refusing to appoint a receiver.

Before RICE, J., and DEVORE, J., Barnwell.  Affirmed.

Action by Willie Wolfe Thompson against C. R. Thompson and W. C. Boyd.  From orders refusing a temporary injunction and the appointment of a receiver the plaintiff appeals.

*Messrs. J. O. Patterson, Jr.* and *J. A. Kennedy,* for appellant, cite: *Temporary injunction*: Code Proc. 1912, Sec. 270; 92 S. C., 347; 69 S. C., 156; 92 S. C., 418; 75 S. C.,

NOTE.—On right of preliminary injunction which would have effect of transferring possession of property from defendant to plaintiff see note in 39 L. R. A. (N. S.), 31.

220; 95 S. C., 248; 89 S. C., 160; 87 S. C., 569; 74 S. C., 178; 4 Pom. Eq. Jur. (3rd Ed.), Sec. 1138; 18 A. & E. Enc. L., 364; 96 S. C., 290; 107 S. C., 404.

*Messrs. Brown & Bush,* for respondents, cite: *Injunction not proper to change possession of property*: 75 S. C., 233; 22 Cyc., 828; 27 S. C., 408; 94 Am. St. Rep., 903; 14 R. C. L., 450. *Or to prevent an act already done*: 78 S. C., 222. *As to Receiver*: 19 S. C., 293; 34 Cyc., 51; 23 R. C. L., 29.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff alleges that about seven years ago she married the defendant C. R. Thompson; that in 1917 she and her husband purchased a tract of land containing about 39 acres; that the plaintiff made some cash payment thereon; that her husband had paid some interest; that the family lived on the place until the summer of 1921; that her husband had not paid anything on the principal; that she was not willing to make further payments on the mortgage debt, unless her husband would convey to her his one-half interest, and that in October, 1920, her said husband made the required deed; that in the summer of 1921 she left the premises; that her husband had rented the premises to his codefendant, W. C. Boyd, while she, the plaintiff, had rented the premises to one P. B. Porter—and asks the Court to enjoin the defendants from interfering with her possession.

A preliminary restraining order was made, and a rule to show cause why a preliminary injunction should not issue. The defendant, in his return to the rule, stated that the deed was fraudulent, and that they had bought the place for a family residence, and he had built houses, etc., on the place, and made other improvements to fit the place for a family residence. Judge Rice heard the motion and refused the injunction.

I. This is the subject of the first appeal. It is perfectly clear that the plaintiff left the defendant Thompson in possession. It is also clear that a temporary injunction cannot be used to transfer the possession from the defendant to the plaintiff. This was not error.

II. The plaintiff then applied to Judge De Vore for the appointment of a receiver. Judge De Vore refused the motion in the exercise of his discretion, and we do not see that he abused his discretion.

The orders appealed from are affirmed.