16449

MORRIS *ET AL.* v. LAMBERT *ET AL.*
(62 S. E. (2d) 841)

*Mr. James Hugh McFaddin,* of Manning, *for Appellants,*

*Mr. J. D. O'Bryan,* of Kingstree, *for Respondent,*

December 28, 1950.

L. D. LIDE, Acting Associate Justice.

This action was commenced in the Court of Common Pleas for Williamsburg Court on March 10, 1949, and was in due course by direction of the plaintiffs placed on Calendar 1 for trial by jury. The defendants, however, moved,

upon the pleadings, consisting of the complaint and the answer, to transfer the case to Calendar 2, and this motion was heard by Hon. William H. Grimball, Judge of the Ninth Circuit, then presiding in the Third Circuit; and by his order dated December 31, 1949, the motion was granted. The case comes before us upon appeal by counsel for the plaintiffs from this order, the correctness of which is questioned by the exceptions.

Judge Grimball's order is quite brief, and merely states that the motion is granted because the Court was of opinion "that equitable issues are raised by the pleadings which should be determined by the Court and not by a jury". However, he does not state what the equitable issues are, nor whether there are both legal and equitable issues involved.

In order to determine the issues we must of course examine the complaint and the answer, which constitute all that is before us.

The complaint alleges that the plaintiffs are the owners in fee as tenants in common, and are entitled to possession, of a certain tract of land in Williamsburg County, the description of which is given. There is also a later paragraph in the complaint alleging that the defendants wrongfully withhold possession of this land "against the plaintiffs, after demand therefor."

It is also alleged that this land was owned by one W. W. Michau, who died intestate February 19, 1922, seized and possessed thereof, leaving surviving him as his heirs-at-law his widow, Ellen Michau (now the plaintiff Ellen Michau Morris), and his children, the same being the other plaintiffs, all of whom were infants at the time of their father's death.

It is further alleged that soon after the death of the intestate the defendant E. M. Lambert, brother of the plaintiff Ellen Michau Morris and uncle of the other plaintiffs, became the general guardian of the infant plaintiffs, and

went into possession of the land in question under an agreement with his sister, Mrs. Morris, "to farm the land or rent it, to pay the taxes and support the infant plaintiffs until they reached the age of twenty-one (21) years." And in this connection it is also alleged that thereafter plaintiffs delivered to the defendant E. M. Lambert certain live stock and farm equipment belonging to the late W. W. Michau, in consideration of his promise to pay the taxes on the said land and supervise it as aforesaid.

It is then alleged, on information and belief, that the defendant E. M. Lambert, with intent to defraud and cheat the plaintiffs, his sister being unlearned and illiterate, permitted the land to be advertised and sold by the Sheriff for alleged nonpayment of taxes; at which sale the defendant E. M. Lambert paid the consideration of $42.00 "and took title, or what purports to be a deed in the name of his wife", the defendant Mrs. Minnie Lambert, and the same was recorded. It is also alleged that there was no levy by the Sheriff on the property; that if assessed at all, it was not assessed in the name of the true owner, and that there was no valid execution or levy; and furthermore, that the defendant, Mrs. Minnie Lambert, was never put into possession, but that the defendant E. M. Lambert "continued to possess, control and operate said property as agent for the plaintiff, Ellen Michau Morris, and as general guardian for the other plaintiffs"; and it is specifically alleged that "the defendant, Mrs. Minnie Lambert, took no title by virtue" of the purported tax deed.

It is further alleged, on information and belief, that on three or more occasions the defendant E. M. Lambert had sold, cut and removed the timber from the premises; and that he had converted to his own use the personal property delivered to him.

There is another paragraph to the effect that the defendant E. M. Lambert has received the rents and profits of the land since 1922, "and refuses to account to the plaintiffs for his acts and doings thereon".

The prayer of the complaint is primarily for the possession of the real estate in question; and also that the tax deed be set aside; and that the plaintiffs have judgment for the sum of $10,000.00, "for the timber and property, cut, removed and carried away". There is included a prayer that the defendant E. M. Lambert be required to account for the rents and profits; and that the plaintiffs have judgment for the costs of the action, and for such other and further relief as may be just and proper.

The foregoing recital of the substantial contents of the complaint is sufficient to show that, so far as the complaint is concerned, the basic issues are purely legal in nature, and that fundamentally the action is one for the recovery of specific real property, which pursuant to Section 593, Code 1942, "must be tried by a jury, unless a jury trial be waived". It is true that the allegations in the complaint referring to an accounting for rents and profits by the defendant E. M. Lambert appear to relate to a matter of equitable cognizance, especially in view of the allegations showing a fiduciary relationship between this defendant and the plaintiffs but this issue is manifestly dependent upon and conditioned upon the prior determination of the legal issue of title.

It is, however, essential that the allegations of the answer be considered in determining the questions before us. For it is quite true that an action for the recovery of the possession of real property, although essentially a legal action, may be transferred to the equity side of the Court, where there is an *equitable defense* to the legal title set up in the answer.

A typical illustration of this principle will be found in the case of *Brownlee v. Martin,* 21 S. C. 392. This was an action for the recovery of real property, but the defendant set up as a defense that the plaintiff had agreed to convey this land to her, and also another tract, upon payment of a stated amount, and had subsequently taken such other

tract in full payment of the amount so stipulated. It was therefore held that this defense raised an equitable issue which should have been decided by the Judge himself; and this issue having been left to the jury, upon whose verdict a judgment was entered, the judgment was reversed by the Supreme Court and a new trial ordered.     .

In the case before us, however, the answer contains no suggestion of an equitable defense, but on the contrary specifically alleges the legal defense of title. The answer first denies all the allegations of the complaint, except the allegations relating to the death intestate of the original owner, then seized and possessed of the land, leaving surviving him his widow and children.

It is then affirmatively alleged that the defendant Minnie Lambert acquired the land in question by virtue of the tax deed, under which she went into possession of the property and continues in such possession. There are also repeated alegations claiming title by adverse possession in the defendant Minnie Lambert, under various statutes of limitations, which are pleaded in bar of this action. In other words, the defendant Minnie Lambert claims title under the tax deed, pleading the two-year tax deed statute of limitations in bar of the action, and also claims title by adverse possession under the tax deed as color of title; and there are other allegations relating to the claims of adverse possession and the alleged bar of certain statutes of limitations. Manifestly all the defenses set up in the answer are legal in character and not equitable.          .

The case of *Cooper v. Baxley*, 194 S. C. 270, 9 S. E. (2d) 721, in which the well considered opinion was delivered by Mr. Justice Stukes, appears to state the controlling principles in matters of this kind. This was a tax title case in which the complaint alleged that certain tax sales and subsequent conveyances were invalid; and the prayer of the complaint was "that the deeds be so adjudged and for such other and further relief as the Court may deem just and

proper". It was contended by the defendant that the complaint could be construed to state only a cause of action to quiet title or remove cloud therefrom, "and that defectively because the complaint showed the plaintiffs out of possession"; but the Supreme Court held that this question had not been properly raised either by demurrer or answer, for the answer pleaded paramount title in the defendant. We quote the following from the opinion: "Instead she answered in such form, narrated above, as to come within the rule plainly stated in *Walsh v. Evans, supra,* (112 S. C. 131, 99 S. E. 546) ' as follows: 'The defendant * * * plainly pleaded by the answers * * * paramount title to that of the plaintiffs, and the two pleadings * * * fixed the issue that was made, and thereby fixed the character of the action as one to recover real property.' "

It should be observed that in this case there was an order of reference, notwithstanding the *legal* character of the issues; but it is pointed out in the opinion and also in the order overruling the petition for a rehearing that such order of reference was granted by *consent,* and consequently there was a waiver of "any rights of either of the parties to any other method of trial".

It should further be stated that the action before us, ■ which is primarily for the recovery of the possession of land, is incompatible with an equitable suit for the removal of a tax deed as a cloud upon the title, because, generally speaking, in order to maintain a suit to quiet title the claimant must have legal title and be in possession of the property at the time of the institution of the suit. 44 Am. Jur. 32-33.

The objections made to the tax title in the complaint ■ include one which is somewhat out of the ordinary, although based upon a well recognized principle, and we refer to the allegations to the effect that the defendant E. M. Lambert was under such obligations relating to the payment of taxes on the property that he could not, by

virtue of the tax sale thereof, acquire title either for himself or his wife, the defendant Minnie Lambert; but these allegations do not raise equitable issues.

We are dealing here with the pleadings only, the merits of the cause not being before us. But we think the following quotation from 51 Am. Jur. 919, is an accurate statement of the legal principles relating to the allegations in question: "It is a general principle of law that one who by virtue of an existing legal or contractual relation with another is under an obligation to such person to pay the taxes on lands, but who omits to pay such taxes, cannot be allowed to strengthen his title to such land by buying in the tax title when the property is sold as a consequence of his omission to pay the taxes on it; *his purchase at the sale will merely operate as a payment of the taxes, and the title will be the same as it was before the sale,* except that the lien for taxes is discharged." (Emphasis added.)

The foregoing statement of the law is supported by a wealth of authorities cited in the footnotes.

While none of our decisions is directly in point on the facts, the principle above stated is recognized and applied in two of our cases, to wit, *Pope v. Wilder,* 41 S. C. 540, 19 S. E. 996, and *Hudson v. Schumpert,* 80 S. C. 23, 61 S. E. 104, and it is of interest to observe that both of these cases were instituted to recover real property claimed by the defendants under tax titles.

It is true that the defendant E. M. Lambert is charged with *fraud* in connection with the alleged tax sale, and fraud is the basis of much of the jurisdiction of equity. However, it is of course well recognized that in matters of fraud the jurisdiction of *equity* is not exclusive, but is concurrent with that of *law.* And it is of interest to observe here that in one of our very ancient cases to wit, *State v. Gaillard,* 2 Bay 11 (not a criminal case), it was definitely held, as correctly stated in the syllabus: "A court of common law is equally competent with a court of equity, to rescind and

set aside contracts on the grounds of fraud, where such grounds can be traced out by common law rules of evidence."

In the modern case of *McCreery Land & Investment Co. v. Myers*, 70 S. C. 282, 49 S. E. 848, 849, Circuit Judge Hudson transferred the cause to Calendar 1 for trial of the issue of title by jury, and his order was affirmed. We quote the following from the unanimous opinion delivered by · Mr. Justice Jones: "We do not understand the order of Judge Hudson as intending to submit any strictly equitable issue to the jury. The issue of title alone is submitted to the jury, which, of course, would involve any issue tendered which could properly be raised and submitted to a jury in a strictly legal action to recover possession of land. For example, in an action to recover land the deed under which plaintiff claims may be assailed for fraud by way of defense before the jury. *De Walt v. Kinard*, 19 S. C. [286], 292; *Archer v. Long*, 38 S. C. 272, 16 S. E. 998. Questions of fraud or mistake may sometimes be adjudicated in actions at law, as in these matters the jurisdiction of equity is not exclusive but concurrent. *Griffin v. Southern Ry. Co.*, 66 S. C. 77, 44 S. E. 562. If, after the issue of title has been determined, there remain any independent equitable issues for determination, these must be tried by the appropriate tribunal."

The quoted excerpt states that in an action at law to recover land, the deed under which the plaintiff claims may be assailed for fraud by way of defense, and it is obvious that the same principle would apply to an attack upon a deed under which the defendant claims.

It is quite true that where both legal and equitable issues are involved, the question as to which shall be tried first is frequently a matter in the discretion of the trial Judge. *Knox v. Campbell*, 52 S. C. 461, 30 S. E. 485. But even if we construe Judge Grimball's order as intending to give effect to this rule, although his order does not so indicate, the rule could have no application here,

because the matter of requiring the defendant E. M. Lambert to account for rents and profits is, as we have hereinbefore stated, manifestly dependent upon and conditioned upon the prior determination of the legal title to the property. *Rush v. Thompson,* 203 S. C. 106, 26 S. E. (2d) 411.

We are of opinion that the case was properly placed upon Calendar 1 for trial by jury, and that certainly at this stage of the case it cannot properly be transferred to Calendar 2. The order of the Circuit Court is therefore

Reversed.

STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., not participating.