16934

FLORENCE TURNER et al., Respondents, v. LILLIE BYARS et al., Respondents, and PLEAS GALLOWAY, Appellant (two cases)

(85 S. E. (2d) 100)

*Messrs. Paslay & Paslay,* of Spartanburg, *for Pleas Galloway, Appellant,*

*Shannon Henson, Esq.,* of Spartanburg, *for Petitioners, Florence Turner, Collie Gray, Moses Gray, Habard Gray and David Gray.*

November 29, 1954.

OXNER, Justice.

The parties to these actions are the same. The facts and issues involved in the two appeals are so interrelated that to avoid undue repetition, we shall dispose of both in one opinion.

Lillie Gray Howard died intestate in 1950, owning a lot of land in the City of Spartanburg. An action was brought in November, 1953, to partition this real estate. It was alleged in the complaint that respondents, nieces and nephews of the intestate, some of whom were made parties plaintiff and other defendants, are the sole heirs at law. It was further alleged on information and belief that Pleas Galloway, who is the appellant here, "now occupies the house on the above described land and makes some claim thereto," and for that reason was joined as a party defendant.

Appellant Galloway demurred to the complaint upon the grounds (1) that there was a defect of parties in that "certain non-resident party defendants and unknown heirs of Lillie Gray Howard" had not been made parties nor served by publication, and that (2) the complaint failed to state a cause of action as to him. Reserving his rights under the demurrer, he filed an answer. After denying any right of respondents to partition, he alleged by way of affirmative defense that in October, 1951, he entered into a contract with respondents through a real estate firm in Spartanburg duly authorized to represent them, to purchase said real estate for $2,300.00; that he made a down payment to said agent of $500.00 and agreed to pay the balance in monthly installments of $35.00 until the entire purchase price was paid; that after entering into said contract, he was placed in possession of the premises and has since been in possession thereof and made valuable improvements thereon; and that

he continued to pay the monthly installments specified by said contract until he received notice that there was some question raised as to the authority of said real estate firm to sell said property. He demanded specific performance of his contract to purchase said real estate and failing in that, asked that out of the proceeds of the sale of the property, he be reimbursed for the amount paid on the purchase price and for the value of the improvements made on the property.

After issues were joined, respondents gave notice of a motion for an order requiring appellant, pending the outcome of the litigation, to deposit with the clerk of court a reasonable sum as rent for the use of the premises. This motion and the demurrer were heard before Judge Littlejohn on January 6, 1954. The motion was heard upon the pleadings and certain testimony relating to the fair rental value of the property. On January 11, 1954, an order was filed overruling the demurrer and requiring appellant to deposit monthly with the clerk of court, beginning February 1, 1954, the sum of $30.00 "for the privilege of continuing to occupy the premises," the funds so deposited to be applied on the purchase price of the property in the event appellant established his contract, and to be considered as rent if he did not prevail. Respondents were further given leave to apply for an order of ejectment in the event appellant failed to make such monthly payments. The Court also, on its own volition, referred the case to the Master for Spartanburg County to take and report the testimony, together with his conclusions of law and fact.

On February 6, 1954, Judge Littlejohn issued an order requiring appellant to show cause on February 13th why he should not be held in contempt of court for failing to deposit with the clerk of court $30.00 per month as required by the order of January 11, 1954, and why he should not be ejected from the premises. Within due time appellant made a special appearance and subject thereto filed a return to the rule to show cause, in which a number of questions were raised, some of which need not be decided on this

appeal and others will be hereinafter discussed. The matter was argued on the return date and taken under advisement. On April 19, 1954, the Court issued an order holding that the return was sufficient as to the charge of contempt but insufficient in so far as it related to the issue of ejectment. The order then directed the Sheriff of Spartanburg County to eject appellant from the premises.

We shall first decide whether the Court below erred in overruling the demurrer. With reference to the ground that there was a defect of parties, it is not entirely clear whether appellant's complaint is that some of the heirs at law were not made parties or whether the objection is to the form of service or lack of service on such heirs. Be that as it may, the alleged defect does not appear upon the face of the complaint and, therefore, the objection could only be taken by answer. The second ground of the demurrer—that the complaint fails to state a cause of action as to appellant—is likewise without merit. Respondents followed the usual and proper procedure in making appellant, who was in possession of the premises and claiming an interest therein, a party to the partition suit. *Still v. Wood*, 85 S. C. 562, 67 S. E. 910.

The next question is whether the Court was authorized to require appellant to deposit with the clerk of court monthly, during the pendency of the litigation, the sum of $30.00 "for the privilege of continuing to occupy the premises," and to dispossess him if he failed to make such payments. Although the Court did not appoint a receiver, this was the practical effect of the order issued for the purpose of preserving the rents and profits during the litigation. In taking this action, the Court had before it only the *unverified* pleadings. There was no allegation in the complaint that appellant was in the unlawful possession of the property sought to be partitioned, or that he was insolvent or committing waste. It was merely alleged that he was occupying the house on the premises and was making some claim to same. Appellant alleged that he was lawfully placed

in possession under a contract of purchase entered into with an agent of respondents. Respondents offered no affidavits contradicting the facts stated in this affirmative defense. Clearly the showing made was insufficient to authorize the Court either to require appellant to pay for the use of the premises during the pendency of the action or to dispossess him if he failed to do so.

The case of *DeWalt v. Kinard*, 19 S. C. 286, strongly supports the foregoing conclusion. It involved an action for recovery of real property. Plaintiff alleged title in himself and that the defendant George A. Kinard and certain other defendants who claimed to be his tenants were in unlawful possession of the property and refused to surrender possession. Defendant Kinard denied plaintiff's title and by way of affirmative defense alleged that he was entitled to a one-half interest in the land, and asked that same be partitioned. Plaintiff entered a general denial to the facts stated in this answer. After issues were joined, plaintiff gave notice of a motion to require the rents to be paid into court during the pendency of the litigation. This motion was heard upon the pleadings alone. No affidavits were submitted. The Court ordered that the rent for the current year be paid to the Master, who was also directed to thereafter let the premises from year to year until the final determination of the action and to hold the rents subject to the further order of the Court. In reversing this order, the Court said:

"It is true that the complaint, besides demanding judgment for the recovery of the possession of the land, which was strictly legal relief, also demanded relief of an equitable character, by injunction, but there was no prayer for the appointment of a receiver, which was in effect done by requiring the rents then due to be paid to the master, and directing that officer to take possession of the land and lease it from year to year during the pendency of the litigation; and, of course, any issues arising on this branch of the case could be either tried by the court or referred to the master. The absence of any prayer for the appointment of a receiver

would not prevent the court from granting that mode of relief, provided the case made properly warranted the granting of such relief. But we do not think that such a case was made by the pleadings, and the motion was heard only on the pleadings. The case made was that of a plaintiff, under claim of title, seeking to recover real property alleged to be in the possession of another, by himself and by his tenants, with an allegation that defendant was insolvent, and 'that there is danger that the said rental will be lost to the plaintiff unless the same is protected by this honorable court until the judgment herein be rendered,' while the defendant denies that title is in the plaintiff, denies that he is insolvent, and denies that there is any danger of loss of the rents. This certainly does not make a case warranting the appointment of a receiver, depriving the defendant of the possession of the land and impounding the rents.

"A person in possession of real property is presumed to have title until the contrary appears, and we do not see by what authority he can be deprived of such possession until the question of title has been tried, even though it should be made to appear, *prima facie,* that he was insolvent. * * *"

It is well recognized that in a suit to partition real property a court of equity is empowered under certain circumstances to appoint a receiver. *Christ Church v. Fishburne,* 83 S. C. 304, 65 S. E. 238, 239; 40 Am. Jur., Partition, Section 81; 68 C. J. S., Partition, § 87; Annotation 127 A. L. R. 1228.

In *Christ Church v. Fishburne, supra,* an action for partition, it was alleged that each of the plaintiffs had an undivided one-fourth interest in the premises and the defendant an undivided one-half interest. Defendant alleged in her answer that she was entitled to the whole of the property, not simply one-half. It appeared that the property had previously been in possession of a life tenant whose agent had collected the rents. At her death, which occurred shortly before the institution of the proceedings, a controversy arose as to who was entitled to possession. Both par-

ties tried to collect the rents and the tenants of the property became harassed. It was held that under the peculiar circumstances presented, it was proper to appoint a receiver. In doing so, the Court was careful to point out: "It is not the case of appointing a receiver of property which has been in the undisturbed possession of one who claims both the legal title and the right to possession. Such is the case when an action to recover possession of real estate is brought or when the proceedings, though nominally for partition, in fact, contests the right and title of one who has heretofore been in undisturbed possession. Such is not the present case."

The instant case is of the character which the Court in the language above mentioned indicated that a receiver should not be appointed. Appellant has been in undisturbed possession under a claim of equitable title. The contest here is really not between co-tenants. The action, although nominally for partition, contests the appellant's right of possession under his claim of a contract to purchase the property.

In *Thompson v. Thompson,* 120 S. C. 230, 112 S. E. 925, it was held, quoting syllabus, "In an action between husband and wife, where both parties claimed the ownership of realty, the trial judge did not abuse his discretion in refusing to appoint a receiver." Also, somewhat analogous in principle are our decisions holding that in an action to foreclose a mortgage, the mortgagee is not entitled to have a receiver appointed to collect the rents during the pendency of such action, where no such provision is made in the mortgage for a lien on the rents and profits and where there is no showing of waste by the mortgagor. *Hardin v. Hardin,* 34 S. C. 77, 12 S. E. 936.

The only other question we need decide is whether the Court below erred in referring the case to the Master. Appellant contends that he is entitled to a jury trial. Undoubtedly he would be if the basic issues were purely legal in nature and the contest related solely to title. *Morris v. Lambert,* 218 S. C. 384, 62 S. E. (2d) 841. But

there is no contest here as to the holder of the legal title, which obviously is in the heirs at law of Lillie Gray Howard. Appellant's claim is based upon an alleged contract of purchase from these heirs. He seeks specific performance of that contract—equitable relief. Under these circumstances, we think a general order of reference was proper. *Brownlee v. Martin,* 21 S. C. 392.

The action of the Circuit Court in overruling the demurrer and referring the case to the Master is sustained; that portion of the order made on January 11, 1954, requiring appellant to deposit a certain amount monthly with the Clerk of Court for the use of the premises and the subsequent order of the Court dated April 19, 1954, directing the Sheriff of Spartanburg County to eject appellant from the premises are reversed; and the case is remanded to the Circuit Court for further proceedings in accordance with the views herein expressed.

STUKES, TAYLOR and LEGGE, JJ., and G. BADGER BAKER, A. A. J., concur.