8111

## McCRAVEY v. OTTS.

WILLS—POWER OF SALE.—Under the terms of this will the executor has power of sale only by implication. The provisions of the will as to when the property devised to tenants in common should be sold is violative of the statute, is an unreasonable limitation on the power of alienation, and hence void.

Before WATTS, J., Spartanburg, July, 1911. Affirmed.

Action by S. T. McCravey *et al.* v. Laura A. Otts *et al.*, for partition. The principal issue in the case is the construction of the following will:

"State of South Carolina, Spartanburg County.

"I, R. Miller Otts, of the State and County aforesaid, being of sound mind, memory and understanding, in view of the uncertainty of this frail and transitory life, do hereby make, ordain, publish and declare this to be my last will and testament, and do hereby revoke, make void and of none effect all other wills made heretofore by me, to wit:

1st. "It is my will and wish that all my just debts be paid, and in order to enable my executors to do the same I desire them to conduct all of my business as it now stands, to make it the most profitable and to pay all expenses they may have to incur, and to pay the debts as fast as they can. This arrangement I desire to continue until my youngest son, Christmas M. Otts, becomes twenty-one years old.

2d. "I do hereby will, give and bequeath unto my beloved wife, Laura A. Otts, one horse or mule, one cow and calf, one buggy and harness, one one-horse wagon, farming tools for a one-horse farm, and, in addition to the above, I give to her (my wife) five shares of Merchants and Farmers Bank stock I hold, and *one-sixth of my interest in the Mill and Bettie King places when my executors dispose of the same,* in consideration of money she

has let me have heretofore. Also I give to her one tract of land whereon Andy Wofford now lives, known as Lot No. 4 of the S. C. Miller lands, containing 88 acres, more or less, during her natural life or widowhood, and at her death, or should she marry again, then I desire the said tract of land to be sold and the proceeds equally divided between my children.

3d. "It is my will and wish that my family stay together as much as possible and receive their support from my estate.

4th. "It is my will and wish that my two youngest sons, viz.: Christmas M. Otts and J. Coan Otts, be educated at the expense of my estate, equal to my oldest son, R. J. Otts.

5th. "It is my will and wish that when my youngest son, Christmas M. Otts, becomes twenty-one years old, that all of my estate, both real and personal, except what is known as the Mill and Bettie King places, be equally divided between my children, viz.: Lily G. Otts, Nannie M. Otts, Robert J. Otts, J. Coan Otts and Christmas M. Otts, this to be done by three discreet persons chosen by my executors or under the conduct of my executors. *My interest in the Mill and Bettie King places (which is two-thirds of the whole) I desire my wife and children to own jointly after my youngest child, Christmas M. Otts, becomes twenty-one years of age, until such time as they may all agree with my sister, and sell those two tracts to the best advantage, and the proceeds of such sale I desire to be divided equally between them, viz.: My wife, Laura A. Otts, Lily G. Otts, Nannie M. Otts, Robert J Otts, J. Coan Otts, Christmas M. Otts; my wife's share I give to her in consideration of moneys she has let me have heretofore, the same being understood by me and her.*

6th. "I do hereby nominate, constitute and appoint Robert J. Otts and D. M. Coan my executors to this, my last will and testament."

' From judgment below, decreeing partition, defendants appeal.

*Messrs. J. R. Coan* and *Horace L. Bomar,* for appellants. *Mr. Coan* cites: *Property is left in control of executors:* 25 S. C. 488; 29 Cyc. 15-50; 65 S. W. 473. *Power to sell:* 9 S. C. 492; 75 S. W. 1018; Code 1902, 2600; 9 Cyc. 837; 25 S. C. 149; Tiffany & Bullard on P. & Tr. 210-11; 23 S. C. 502; 54 S. C. 413. *Lands directed to be sold are not the subject of mortgage:* 62 S. C. 482; 23 S. C. 385; 17 S. C. 572; 22 S. C. 275; 86 S. C. 1; 36 S. C. 455; 21 S. C. 9. *Time for sale:* 31 Cyc. 1052-3, 1106, 1102-4; Tiffany & Bullard ·758; 30 Cyc. 185-6; 9 Cyc. 855-6; 58 Am. D. 600; 31 S. E. 956.

*Mr. H. K. Osborne,* contra, cites: *Title is in the devisees:* 36 S. C. 385; 15 S. C. 443; 35 L. R. A. 198; 12 At. R. 809; 3 Del. Ch. 239; 21 Me. 47; 61 N. H. 50; 70 N. C. 487.

March 1, 1912.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.  R. M. Otts, late of Spartanburg county, S. C., departed this life, on the ...... day of .........., 1894, leaving of force and effect his last will and testament, which will be set out, in the report of the case.

This appeal involves the construction of said will.

Lily G. Otts died in 1899, leaving as her only heirs at law the other devisees named in said will.

Christmas M. Otts conveyed all his right, title and interest in said lands, by way of mortgage, to B. G. Landrum and others, and, under a judgment of foreclosure, his interest was sold at public outcry, and purchased by the plaintiffs.  Christmas M. Otts was over twenty-one years of age, when he executed said mortgage.  Mortgages have

also been executed, by several others of the devisees, on their respective interests.

The question presented by the exceptions is, whether the said lands are now subject to partition, or must the sale be delayed until such time as the executors can sell, by and with the consent of the devisees.

The second clause of the will contains this provision: "I do hereby will, give and bequeath unto my beloved wife, Laura A. Otts * * * one-sixth of my interest in the Mill and Betty King places, when my executors dispose of the same."

It is contended that the words, "when my executors dispose of the same," authorize and empower the executors to sell said lands.

In the first place, these words were used to designate a certain time, and not for the purpose of conferring a power of sale. Therefore, it cannot be contended that the power of sale is given to the executors, in *express* terms, and it can only be contended, that power to sell the lands, was conferred upon them by *implication*.

In the next place, the words, "when my executors dispose of the same," are inconsistent with the first item of the will, which is as follows:

"It is my will and wish that all my just debts be paid, and in order to enable my executors to do the same, I desire them to conduct all of my business as it now stands, to make it the most profitable and to pay all expenses they may have to incur, and to pay the debts as fast as they can. This arrangement I desire to continue until my youngest son, Christmas M. Otts, becomes twenty-one years old."

This shows that the testator did not contemplate a sale of the lands by the executors, *before* Christmas M. Otts became twenty-one years of age; nor are there any other words in the will showing that he contemplated a sale of the lands by the executors, *after* that time; on the contrary, the words, "when my executors dispose of the same," are

inconsistent with the provisions of the fifth item of the will, which is as follows:

"It is my wish that when my youngest son, Christmas M. Otts, becomes twenty-one years old that all of my estate, both real and personal, except what is known as the Mill and Bettie King places, be equally divided between my children, viz.: Lily G. Otts, Nannie M. Otts, Robert J. Otts, J. Coan Otts and Christmas M. Otts, this to be done by three discreet persons chosen by my executors or under the conduct of my executors. My interest in the Mill and Bettie King places (which is two-thirds of the whole) I desire my wife and children to own jointly, after my youngest child, Christmas M. Otts, becomes twenty-one years of age, until such time as they may all agree with my sister, and sell these two tracts to the best advantage, and the proceeds of such sale I desire to be divided equally between them, viz.: My wife, Laura A. Otts, Lily G. Otts, Nannie M. Otts, Robert J. Otts, J. Coan Otts, Christmas M. Otts; my wife's share I give to her in consideration of moneys she has let me have heretofore, the same being understood by me and her."

The next question to be considered is, whether the provision in the fifth item of the will, that the lands were not to be sold, "until such time as they may all agree with my sister," prevents partition until such agreement.

Section 2436 of the Code of Laws is as follows: "All joint tenants and tenants in common, and every of them which now hold, or hereafter shall hold, jointly or in common, for term of life, year or years, or joint tenants or tenants in common, where one or some of them have, or shall have, estate or estates for term of life or years, with the other that have, or shall have, estate or estates of inheritance or freehold of any lands, tenements or hereditaments, shall and may be compellable to make severance and partition of all such lands, tenements and hereditaments which they hold jointly or in common for term of

life or lives, year or years, where one, or some of them, hold jointly or in common for term of life or years with other, or that have an estate or estates of inheritance of freehold." * * *

The words, "until such time as they may all agree with my sister," are inconsistent with the provisions of this section, which states a rule of public policy. Therefore, they must be construed as having no force and effect.

Not only are they without force and effect, by reason of the statute, but they are, under the common law, an unreasonable limitation upon the power of alienation, and, therefore, against public policy.

Judgment affirmed.