18143

SOUTHERN RAILWAY COMPANY, Appellant, v. Leo SMOAK, Mrs. Lillie Smoak and W. H. Cato, Respondents

(133 S. E. (2d) 806)

*Messrs. F. Dean Rainey,* of Greenville, and *Henderson, Salley & Cushman,* of Aiken, *for Appellant,*

*Messrs. Toole & Toole* and *Henry Busbee,* of Aiken,
*for Respondents,*

*Messrs. F. Dean Rainey,* of Greenville, and *Henderson,
Salley & Cushman,* of Aiken, *for Appellant, in Reply,*

December 17, 1963.

LEWIS, Justice.

This appeal involves a determination of the validity of
the claim of the plaintiff Southern Railway Company to fee
simple title to a strip of land forty feet wide and more than
two miles in length, situate at or near Langley, in Aiken
County, South Carolina, which had been used by the plain-
tiff for the operation of an industrial spur track from ap-
proximately 1901 to 1954. In 1954, the plaintiff discon-
tinued the operation of its spur track and removed its prop-
erty and fixtures from the land in question. Upon the as-
sertion by the defendants, as owners of contiguous and over-
lapping lands, of a claim that title to the strip of land re-
verted to them upon the discontinuance of its use for the
operation of an industrial spur track, the plaintiff brought
this action for declaratory judgment to establish its claim
of fee simple title to the property. All issues were sub-

mitted to the circuit judge for determination upon an agreed statement of facts, in which it was conceded that the validity of the claim of title of the plaintiff turns upon the proper construction to be placed upon the deeds by which it acquired possession of the property in 1901. The circuit judge held that the deeds in question did not convey to the plaintiff a fee simple title to the land in question and dismissed the complaint. The plaintiff has appealed from this decision.

In 1901, Langley Manufacturing Company owned a large tract of land in Aiken County, South Carolina, and conveyed the strip of land in question to Immaculate Kaolin Company and Peerless Clay Company, both corporations, to enable the grantees to have constructed an industrial spur track across the Langley property to their kaolin mines which were located some distance from the main line of the plaintiff Southern Railway. The foregoing grantees immediately conveyed the strip of land to the Southern Railway, a corporation, which constructed a spur track thereon and operated it until 1954 when it was discontinued and the rails removed. Our sole inquiry is to determine whether, under the foregoing deeds, the Southern Railway was conveyed a fee simple absolute title to the forty-foot strip of land described therein. The terms, conditions and estates granted in both deeds were identical in all material respects, and, therefore, we need only set forth the pertinent provisions of the deed to plaintiff.

The granting clause in the deed in question is as follows:

"Witnesseth: That the parties of the first part for and in consideration of the sum of One Dollar to them in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the Railway Company * * *."

The *habendum* clause in the said deed is as follows:

"To have and to hold the said premises unto The Railway Company, its successors and assigns, as a right of way

for use for railroad purposes so long as it or they may require the said right of way for the operation, maintenance and repair of said industrial spur track.

"Upon condition, however, that in the event that Railroad Company should abandon the said industrial spur track and in evidence thereof should discontinue the operation of the same and remove its property and fixtures therefrom and from the way appurtenant thereto, then and in such event the said parcel of land hereby conveyed shall revert to the parties of the first part, their successors and assigns."

It is stipulated that the plaintiff was, and is, "a corporation aggregate, incorporated in perpetuity." The foregoing granting clause conveyed the property to the plaintiff, a corporation aggregate, without words of succession. The *habendum* clause, however, limits the estate granted to the plaintiff, its successors and assigns, to the use of the lands for railroad purposes so long as required for the operation of an industrial spur track, with reversionary provisions in the event of the discontinuance of the use of the land for such purpose.

The plaintiff takes the position that the granting clause conveyed to it a fee simple absolute title to the lands, and that the title so conveyed could not be cut down by the conditions imposed in the *habendum*.

The contention that the granting clause conveyed to the plaintiff a fee simple title, although words of inheritance or succession were not used, is based upon the common law rule that a conveyance by deed to a corporation aggregate passed the fee without the necessity of words of succession. This was upon the theory that, since a corporation aggregate was regarded as having a perpetual existence, a grant to it of a life estate would be forever and, therefore, in fee simple. 19 Am. Jur., Estate, Section 17. No decision of this Court has been cited, and we have found none, in which the foregoing rule has been applied.

Assuming, without deciding, that the stated rule applies in this State, the present deed falls within a recognized ex-

ception. This exception is set forth in Restatement of the Law of Property, Section 34, page 96, as follows:

"An estate in fee simple absolute is created in a corporation aggregate by an otherwise effective conveyance *inter vivos* of land without the use of words of succession, *unless an intent is expressed in the conveyance to create an estate other than an estate in fee simple absolute.*" (Emphasis added.)

The foregoing exception, applicable here, may be stated to be that the omission of words of succession from the granting clause in a deed to a corporation aggregate is indicative of an intent to convey an estate less than a fee simple absolute, when the *habendum* shows a clear intent to convey a lesser estate. This does not state a novel rule of construction, but is simply the application to the present deed of long settled principles of law.

One of the first canons of construction of a deed is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened. In arriving at such intention, the deed must be construed as a whole, and effect given to every part, if such can be done consistently with law. *Byars v. Cherokee County,* 237 S. C. 548, 118 S. E. (2d) 324; *Wilson v. Poston,* 129 S. C. 345, 123 S. E. 849.

Viewing the deed in the light of the foregoing principles, we find no inconsistency between the granting and *habendum* clauses. The granting clause did not carry words of succession. The habendum did carry such words in connection with the estate there defined. The absence of words of succession from the granting clause and their inclusion in the habendum, with reference to the estate there created, cannot be soundly explained except upon the basis of an intent to limit the estate conveyed to that defined in the *habendum.* Assuming that, standing alone, the granting clause would effectively convey a fee simple title to the plaintiff, a corporation aggregate, the absence of words of succession

clearly makes possible other constructions of the grant in the light of the definitive terms used in the *habendum*.

The plaintiff cites the following cases to sustain its contention that the habendum clause cannot be considered in determining the estate conveyed: *Glenn v. Jamison,* 48 S. C. 316, 26 S. E. 677; *Shealy v. Shealy,* 120 S. C. 276, 113 S. E. 131; *Groce v. Southern Railway Company,* 164 S. C. 427, 162 S. E. 425; *Glasgow v. Glasgow,* 221 S. C. 322, 70 S. E. (2d) 432.

The foregoing cases set forth the well settled rule in this State that a complete and absolute estate created in the granting clause cannot be cut down by subsequent provisions in the deed. In all of the cited cases a fee simple estate was conveyed in the granting clause by the use of clear and plain words of inheritance. They did not involve a situation where, as here, no words of inheritance or succession were used in the granting clause, leaving the absence of such words subject to explanation in subsequent provisions of the deed. Properly construing the deed as a whole, the granting clause did not convey a fee simple title to the plaintiff. Therefore, the rule, relied upon by the plaintiff, that a fee simple title created in the granting clause cannot be cut down by subsequent provisions in the deed, effectuate the clearly expressed intention of the *habendum* clauses together, we give effect to every part of the deed, effectuate the clearly expressed intention of the grantor, and do no violence to any settled principle of law.

The lower court properly held that the deed in question did not convey a fee simple absolute title to the plaintiff. The issues presented on appeal are confined to that question and this decision is so limited.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.