485 S.E.2d 384

Vivian O. WEBB, Appellant,

v.

Connie Blease REAMES, Individually and as Trustee of Revocable and Irrevocable Trust Agreements of Basil M. Blease; Meredith Crawford Nikki Blease, Individually and as Trustee of Revocable and Irrevocable Trust Agreements of Basil M. Blease and Rufus Eugene Trotter, Trustee of Revocable and Irrevocable Trust Agreements of Basil M. Blease, Respondents.

No. 2645.

Court of Appeals of South Carolina.

Heard March 6, 1997.

Decided March 17, 1997.

Rehearing Denied May 22, 1997.

Reta S. Hampton, of Reta S. Hampton, P.C., Columbia, for appellant.

Richard Breibart, of Breibart, McCauley & Newton, P.A., Lexington, for respondents.

GOOLSBY, Judge:

Vivian O. Webb filed this declaratory judgment action to determine the validity of a right of first refusal contained in a deed by which Webb's late husband, John R. Webb, acquired from B.B. Blease an approximate one-half acre of lake property in Lexington County. The respondents B. Meredith Blease, Nikki Blease, and Connie Blease Reames are B.B. Blease's heirs. The principal question on appeal concerns whether the right of first refusal violates the rule against perpetuities. Other questions involve certain affirmative defenses. The trial court held the challenged right did not violate the rule and, in any case, Webb could not now bring this action. We disagree and reverse.

On November 5, 1955, B.B. Blease executed a deed conveying to John R. Webb certain lake property in Lexington County for $64. The deed, which was filed on January 24, 1956, contained the following language:

The condition, running with the land ... conveyed, is that the Grantee, in case he or his heirs should sell the ... property, the Grantor, his heirs and assigns shall be given the first refusal to buy the same. A further condition is that, in case the land is to be resold, the Grantor, his heirs or assigns may purchase the same at and for the same consideration [paid by the Grantee]. If building improvements have been made on [the] property, then and in that event, the Grantee or his heirs may select one appraiser, the Grantor, his heirs or assigns may select a second appraiser and the two so selected shall name a third appraiser and the three appraisers shall place a value on the ... property with the building improvements and the Grantor his heirs or

assigns shall have the first refusal to repurchase the property with said improvements.

The grantee died on September 4, 1961, two months after executing, but not delivering, a deed to the property to his daughter Josephine Elizabeth Webb, later Josephine Webb Killiam. An action brought by his daughter in 1993 against the respondents in this case resulted in an unappealed holding that Killiam did not own the property because her father never delivered the deed to her. Upon the grantee's death, then, the property passed by virtue of the grantee's will to his widow, the appellant Webb.

The grantor died in 1969.

■ We agree with Webb's contention challenging the validity of the right of first refusal. This pre-emptive right is a contingent, nonvested interest in that the grantee or the grantee's heirs might never choose to sell the property. It is an interest not conditioned on an event certain to occur. *See* R. CUNNINGHAM, W. STOEBUCK, & D. WHITMAN, THE LAW OF PROPERTY § 3.18, at 132 (2d ed. 1993) ("A pre-emptive right merely requires the owner, when and if he decides to sell, to offer the property first to the holder of the pre-emptive right so that he may ... buy at a price set out in the pre-emption agreement."). The right represented an attempt by the grantor Blease to reserve to the himself, his heirs, and assigns a perpetual option to purchase the property described at the price of $64. Because the right or interest was one that might not vest either within a life in being at the time of the creation of the interest or until later than 21 years thereafter, the interest violates the rule against perpetuities and is therefore void. *Atchison v. Englewood,* 170 Colo. 295, 463 P.2d 297 (1969); *Henderson v. Bell,* 103 Kan. 422, 173 P. 1124 (1918); *Ferrero Constr. Co. v. Dennis Rourke Corp.,* 311 Md. 560, 536 A.2d 1137 (1988); *Pace v. Culpepper,* 347 So.2d 1313 (Miss.1977); 61 Am.Jur.2d *Perpetuities and Restraints on Alienation* § 65, at 75 (1981); *see* Cunningham et al., *supra,* at 132–33 n. 23 (listing cases holding a pre-emptive right subject to the rule against perpetuities); *Love v. Love,* 208 S.C. 363, 374, 38 S.E.2d 231, 236 (1946) ("It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the Rule against Perpe-

tuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote."); *see also* S.C.Code Ann. § 27–6–60(B) (1991) (savings clause provision of the Uniform Statutory Rule Against Perpetuities).

## II.

We also agree with Webb's contention that the six-year statute of limitation contained in S.C.Code Ann. § 15–3–530 (1976), as well as the respondents' other time-based affirmative defenses, the doctrines of laches, waiver, and estoppel, do not bar her cause of action for a declaratory judgment.[1] A case or controversy regarding the validity of the pre-emptive right at issue, and hence Webb's claim for a declaratory judgment, did not accrue until Webb in her complaint notified the Bleases, as heirs of the grantor, of another person's interest in purchasing the property and the Bleases responded by asserting the right of first refusal conferred upon the grantor's heirs in the deed. This did not occur, so far as the record shows, until July 17, 1995, when the Bleases filed their answer indicating their desire to defend the validity of the right of first refusal. *See Stratman v. Sheetz,* 60 Ohio App.3d 71, 573 N.E.2d 776 (1989) (wherein the court held a claim by a grantee based on a pre-emptive right to purchase property was contingent upon the owner's decision to sell and thus the grantee's claim could not accrue unless and until the owner decided to sell and the pre-emptive right was breached).

Moreover, irrespective of the statute of limitations or any of the Bleases' equitable defenses, Webb's action to set aside a condition we have determined to be void, as opposed to merely voidable, under the rule against perpetuities, cannot be barred as untimely. *Cf. Hudson v. Schumpert,* 80 S.C. 23, 61 S.E. 104 (1908) (the statute of limitations does not bar an action to

---

1. As we read its order, the trial court also based its decision to apply the defenses of laches, waiver, and estoppel on Webb's knowledge of the pre-emptive right and the respondent Nikki Blease's construction of a dock on property that adjoined Webb's property. We fail to see, however, and the trial court failed to explain, how the construction by one of the respondents of a dock "on adjoining property" operated to estop Webb from bringing the instant action, irrespective of Webb's knowledge of the respondents' pre-emptive right.

recover real property conveyed to a third party by a deed held to be null and void).

**REVERSED.**

CONNOR and HUFF, JJ., concur.