THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Samuel D. Page,       
Appellant,
 
 
 

v.

 
 
 
Willard G. Page, S. M. Page, Betsy Page Gilliam f/k/a Betsy Page
Flinn, 
 Carolyn Page Eaton, and Conway National Bank,       
Respondents.
 
 
 

Appeal From Horry County
J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion No. 2004-UP-110
Heard September 9, 2003  Filed February 
 24, 2004

AFFIRMED

 
 
 
Richard N. Weldon and Janice A. Cannan, both of Conway, 
 for Appellant.
James Thomas Young, of Conway, for Respondent Conway National 
 Bank.
 
 
 

STILWELL, J.:  Samuel Page filed a complaint 
 seeking to set aside a property transaction between S. M. Page and Willard Page.  
 Samuel argued the transaction was invalid because he was not offered a right 
 of first refusal to the property.  The master refused to set aside the transfer.  
 We affirm.
FACTS
M. K. Page and Maude Page conveyed a parcel 
 of real estate to S. M. Page, in fee simple absolute, reserving a life estate 
 unto themselves.  In the deed, M. K. and Maude placed a restriction on S. M. 
 Pages right to dispose of the property.  The restriction created a right of 
 first refusal as follows:  
In the event S. M. Page decides to sell all or any portion 
 of this property, it shall first be offered to Betsy Page Flinn, Carolyn Page 
 Eaton, and Samuel D. Page under the same terms and conditions as the proposed 
 sale.  This restriction, on transfer, shall also apply to any heirs of S. M. 
 Page.
The reserved life estate expired upon 
 Maudes death in 1993 and S. M. Page took possession of the property.  In 1995, 
 S. M. Page conveyed the property to Willard Page without first offering the 
 property to any of the persons identified in the deed from M. K. and Maude as 
 having a right of first refusal.  There was no mention of the right of first 
 refusal clause in the deed to Willard.  A little more than five years after 
 that conveyance, Willard encumbered the property with a $10,000 mortgage in 
 favor of Conway National Bank.  
Samuel, one of the individuals to whom 
 the right of first refusal was granted, sued Willard, S. M. Page, and Conway 
 National Bank seeking to set aside the conveyance, alleging he was not offered 
 the opportunity to purchase the property before it was conveyed to Willard.  
 The matter was referred to the master in equity with finality.  The master declined 
 to set aside the transaction, reasoning that the right of first refusal language 
 contained in the deed from M. K. and Maude to S. M. Page was invalid because 
 it was an attempt to cut down a fee simple with subsequent language in the deed.  

LAW/ANALYSIS
Samuel argues the master erred when he refused 
 to set aside the conveyance from S. M. Page to Willard.  He asserts the right 
 of first refusal language contained in the deed was a preemptive right that 
 did not cut short a fee simple absolute estate.  Additionally, he contends the 
 master failed to consider the deed as a whole.  We disagree.

One of the first canons of construction of a deed is that 
 the intention of the grantor must be ascertained and effectuated if no settled 
 rule of law is contravened.  In arriving at such intention, the deed must be 
 construed as a whole, and effect given to every part, if such can be done consistently 
 with law.  

Southern Ry. Co. v. Smoak, 243 S.C. 331, 
 336, 133 S.E.2d 806, 808 (1963).  However, when a granting clause in a deed 
 purports to convey a fee simple absolute title, any subsequent provisions in 
 the deed diminishing or depriving the grantee of rights incident to owning the 
 property in fee simple are invalid.  Shealy v. South Carolina Elec. & 
 Gas Co., 278 S.C. 132, 135, 293 S.E.2d 306, 308 (1982).  Thus we must decide 
 whether the right of first refusal in the deed S. M. Page received diminished 
 any of the rights attendant to the fee simple title conveyed in the deeds granting 
 clause.  
A right of first refusal is a pre-emptive right.  
 Webb v. Reames, 326 S.C. 444, 446, 485 S.E.2d 384, 385 (Ct. App. 1997).  
 The right of first refusal is a contingent nonvested interest because the grantee 
 or the grantees heir might never choose to sell the property.  Id.  
 It is an interest predicated on an event which is not certain to occur.  Id.  
 Pre-emptive rights are subject to the rule against restraint of alienation of 
 interest in land.  61 Am. Jur. 2d Perpetuities and Restraints on Alienation 
 § 110 (2002).  Under some circumstances, a right of first refusal may not be 
 an unreasonable restriction on alienation.  A right of first refusal . . . 
 is not a restraint on alienation, as long as both the price that the designated 
 person must pay, and the time allowed for the exercise of the right of first 
 refusal are reasonable.  Id.  
Whether a right of first refusal is valid depends 
 on the legitimacy of the purpose, the price at which the holder may purchase 
 the land, and the procedures for exercising the right.  Restatement (Third) 
 of Prop.:  Servitude § 3.4 cmt. (f) (2000).  According to the testimony, the 
 purpose of the restriction in this case was primarily to retain the property 
 in the family, which is a legitimate purpose.  Also, the language contained 
 in the operative deed fixed the price that must be paid by requiring that it 
 be the same as contained in the offer from a potential third party purchaser.  
 However, the procedures for exercising the right of first refusal are not specifically 
 spelled out in the grant itself, leaving unanswered the question as to how long 
 the right to exercise the right of first refusal must remain open and how long 
 thereafter the holder of the right had to consummate the transaction.  

Lengthy periods for exercise of rights of first refusal will 
 . . . substantially affect alienability of the property.  Potential buyers will 
 be deterred by the possibility that they may not know for a lengthy period of 
 time whether they will obtain the property or be obligated to pay the price.  
 The risks of change in their needs and in financial markets will be greater 
 than most buyers will be willing to accept.

Id.  We are therefore constrained to conclude 
 that the lack of specificity in the language of the right of first refusal creates 
 an unreasonable restraint on the alienability of the property.  
We adopt a rule of strict construction in this 
 case for two basic reasons.  The first is that South Carolina has a long line 
 of cases strongly expressing disfavor for subsequent clauses in deeds that purport 
 to cut down a fee simple estate contained in the granting clause.  See 
 Sandford v. Sandford, 106 S.C. 304, 306, 91 S.E. 294, 295 (1917) (It 
 is . . . clear (and no citation of authorities is necessary) that an attempt 
 to convey an estate in fee simple and deprive the purchaser of the incident 
 of ownership is not effective in law.); see also Douglas v. Medical 
 Investors, Inc., 256 S.C. 440, 445, 182 S.E.2d 720, 722 (1971) (noting the 
 well established principle that when the granting clause in a deed conveys a 
 fee simple title it cannot be reduced or cut down by subsequent language in 
 the instrument); Stylecraft, Inc. v. Thomas, 250 S.C. 495, 498, 159 
 S.E.2d 46, 47 (1968) (same); Batesburg-Leesville School Dist. No. 3 v. Tarrant, 
 293 S.C. 442, 444, 361 S.E.2d 343, 345 (Ct. App. 1987) (same).  The second is 
 that any restraint on alienation in the form of a right of first refusal that 
 is not specific in all required elements  legitimacy of purpose, price, and 
 detailed procedures  runs counter to the commonly acknowledged concept in this 
 state that one of the attributes of fee simple ownership is the ability to freely 
 convey it with few if any restrictions.  Having held that the right of first 
 refusal in this case constitutes an unreasonable limitation upon the power of 
 alienation, it is therefore violative of the public policy of this state and 
 has no force and effect.  McCravey v. Otts, 90 S.C. 447, 452, 74 S.E. 
 142, 143 (1912); Wise v. Poston, 281 S.C. 574, 579, 316 S.E.2d 412, 415 
 (Ct. App. 1984).  
AFFIRMED. 
HOWARD and KITTREDGE, JJ., concur.